**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RAVEN BROWN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 1:25-cv-15709** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **HY-VEE HEALTH, P.C. d/b/a HY-VEE** | ) | |
| **HEALTH INFUSION** | ) | |
| | ) | **Jury Trial Demanded** |
| **Defendant.** | ) | |

---

## COMPLAINT

Plaintiff, Raven Brown ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Hy-Vee Health, P.C. d/b/a Hy-Vee Health Infusion ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, and Defendant's retaliation against Plaintiff for engaging in protected activity under the ADA.

2. This lawsuit further arises under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA") seeking redress for Defendant's interference with Plaintiff's FMLA rights and for Defendant's retaliation for Plaintiff requesting/utilizing their FMLA rights.

3. This lawsuit further arises under Title VII of the Civil Rights Act of 1964, as amended,

42 U.S.C. §2000e *et seq*. ("Title VII") seeking redress for Defendant's sex-based discrimination, pregnancy-based discrimination, pregnancy-based harassment, and retaliation for engaging in a protected activity in violation of Title VII.

4. This lawsuit also arises under the Pregnant Workers Fairness Act of 2023, as amended, 42 U.S.C. § 2000gg et seq. (PWFA) seeking redress for Defendant's failure to accommodate Plaintiff's pregnancy, and for Defendant's retaliation against Plaintiff for engaging in a protected activity under the PWFA.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. § 12101 et seq.

6. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

7. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*, have occurred or been complied with.

8. A charge of employment discrimination was filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

9. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

**PARTIES**

10. Plaintiff, Raven Brown, is a natural person, over 18-years-of-age, who at all times relevant to the allegations in this Complaint resided in Cook County, Illinois.

11. Defendant, Hy-Vee Health, P.C. d/b/a Hy-Vee Health Infusion, whose address is 1 E Erie Street Suite 640, Chicago, Illinois 60611, is a corporation specializing in patient care that at all times material to the allegations in this Complaint was doing business in and for Cook County, Illinois.

12. Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4) and was an "eligible employee" as defined by the FMLA, 29 U.S.C. §2611(2)(A).

13. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA and the FMLA 29 U.S.C. §2611(4), and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

**BACKGROUND FACTS**

14. Plaintiff was employed by Defendant as an Office Manager in or around July 22, 2024, until she was unlawfully terminated on or around August 15, 2025, on the basis of her disability and use of protected medical leave.

15. Plaintiff is female and pregnant and is a member of protected classes because of her sex and pregnancy whom Defendant subjected to different terms and conditions of employment than others not within Plaintiff's protected classes.

16. Plaintiff has mental and physical impairments that substantially limit major life activities.

3

17. Specifically, Plaintiff was pregnant and suffered from intracranial hypertension – a neurological condition involving increased pressure around the brain.

18. Plaintiff's disability can cause symptoms including, but not limited to,

- Headache,

- Nausea and vomiting,

- Visual disturbances,

- Papilledema,

- Pulsatile tinnitus,

- Dizziness or balance problems,

- Difficulty concentrating or memory problems,

- Fatigue or lethargy,

- Confusion or altered mental status,

- Neck or shoulder pain,

- Sensitivity to light,

- Seizures,

- Loss of consciousness.

19. Plaintiff's disability substantially limits major life activities, such as her ability to see clearly, read, use a computer, concentrate, think, and process information for sustained periods. The condition also limits Plaintiff'sability to focus, communicate effectively, and complete tasks without interruption.

20. The disability also affects physical endurance and stamina, limiting the ability to

stand, sit, or remain in one position for extended periods. During symptom flare-ups, the disability impairs Plaintiff's ability to perform daily activities, including working, engaging in normal physical activity, and managing routine tasks without rest or accommodation.

21. On or about July 22, 2025, Plaintiff was approved for intermittent FMLA as it was directly related to both her pregnancy and her pre-existing disability.

22. Due to Plaintiff's pregnancy being deemed high-risk and her intracranial hypertension, she experienced complications that required medical intervention.

23. Following a medically necessary lumbar puncture to manage her condition, Plaintiff suffered dehydration and severe muscle spasms that significantly impacted her ability to function without sedating medication

24. Regardless of Plaintiff's disability, she was qualified to perform the essential functions of her job, with or without reasonable accommodation.

25. Plaintiff is a "qualified individual" as defined under the ADA.

26. Following Plaintiff's Doctor's recommendation, Plaintiff began her hirst FMLA leave on or about August 11, 2025, and remained off work until on or about Augst 15, 2025.

27. Plaintiff's leave was certified by her healthcare provider and approved by the company.

28. On or about August 12, 2025, Plaintiff informed Human resources and her supervisor that she would be returning for work on August 18, 2025.

29. Defendant failed to accommodate Plaintiff's pregnancy, despite Plaintiff's reasonable medical leave from August 11, 2025, to Augst 18, 2025.

30. On or about August 15, 2025, Plaintiff was informed by Defendant that she was

being terminated for "staffing concerns" related to front desk coverage during her brief absence.

31. Further, it was stated that temporary coverage was not always available on short notice, and that Defendant had decided to fill the position using a temp agency going forward in case of further absences.

32. There was no performance issue cited, and no disciplinary warnings or documentation were issued by Defendant to Plaintiff.

33. Plaintiff's termination came about during her approved FMLA period and shortly after exercising her right to take leave

34. Ultimately, on or about August 15, 2025, Plaintiff was terminated on the basis of Plaintiff's disability, sex, pregnancy, and engaging in protected activity as described above.

35. The purported justification for termination was pretext for unlawful discrimination.

36. Defendant interfered with Plaintiff's FMLA rights and retaliated against Plaintiff after Plaintiff requested to file for FMLA medical leave.

37. Plaintiff was targeted for termination because of their sex,pregnancy, and protected activity.

38. Plaintiff suffered multiple adverse employment actions including but not limited to being terminated.

39. Plaintiff can show that she engaged in statutorily protected activitybecause Plaintiff requested accommodations and exercised her rights under the FMLA.

**COUNT I**
**Violations of the Americans with Disabilities Act**
**(Disability-Based Discrimination)**

40.     Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

41.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

42.     Plaintiff met or exceeded performance expectations.

43.     Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

44.     Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

45.     Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

46.     Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

47.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

48.     As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT II**
**Violation of Americans with Disabilities Act**
**(Failure to Accommodate)**

49.     Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

50.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*.

7

51.     Plaintiff is a qualified individual with a disability.

52.     Defendant was aware of the disability and the need for accommodations.

53.     Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

54.     Plaintiff's reasonable accommodations that were requested was not an undue burden on the Defendant.

55.     Defendant did not accommodate Plaintiff's disability.

56.     Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*, due to Plaintiff's disability.

57.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

58.     As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT III**
**Violation of Americans with Disabilities Act**
**(Retaliation)**

59.     Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

60.     Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq.*

61.     During Plaintiff's employment with Defendant, Plaintiff requested reasonable accommodations.

62.     As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et*

8

*seq.*

63. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's request for accommodations, thereby violating Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*

64. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

65. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

66. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT IV
### Violation of the Family and Medical Leave Act
### (FMLA Denial/Interference)

67. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

68. Plaintiff was entitled to take protected medical leave under the FMLA due to a serious health condition related to her high-risk pregnancy and neurological condition, as defined by 29 U.S.C. § 2612(a)(1)(D).

69. Plaintiff provided Defendant with sufficient notice of her need for medical leave and furnished medical certification supporting her request, thereby triggering Defendant's obligations under the FMLA.

70. Plaintiff's medical leave was approved and qualified as protected FMLA leave.

71. Despite Plaintiff's eligibility and approval for FMLA leave, Defendant interfered with, restrained, and denied Plaintiff's exercise of her FMLA rights by terminating her

9

employment during her protected leave period.

72.     Defendant further interfered with Plaintiff's FMLA rights by treating her protected absence as a staffing deficiency and by using her leave as a negative factor in its decision to terminate her employment.

73.     Defendant's actions denied Plaintiff the substantive protections guaranteed by the FMLA, including the right to take protected leave and the right to be restored to the same or an equivalent position upon return from leave.

74.     Defendant's interference with Plaintiff's FMLA rights was willful and in reckless disregard of Plaintiff's statutory protections.

75.     As a direct and proximate result of Defendant's unlawful interference with Plaintiff's FMLA rights, Plaintiff suffered damages including, but not limited to, loss of employment, lost wages and benefits, emotional distress, humiliation, and other compensatory losses

**COUNT V**
**Violation of the Family Medical Leave Act**
**(FMLA Retaliation)**

76.     Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

77.     Defendant terminated Plaintiff because she took FMLA leave as described above.

78.     Defendant intentionally engaged in unlawful employment practice in violation of the FMLA by retaliating against Plaintiff for taking leave for medical reasons.

79.     Plaintiff taking medical leave pursuant to the FMLA was a direct and proximate cause of Plaintiff's termination.

80.     As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits

10

and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT VI**
**Violation of the Title VII of the Civil Rights Act of 1964**
**(Sex-Based Discrimination)**

81.     Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

82.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's sex, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

83.     Plaintiff met or exceeded performance expectations.

84.     Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

85.     Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex.

86.     Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's sex.

87.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

88.     As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT VII**
**Violation of Title VII of the Civil Rights Act**
**(Retaliation)**

89.     Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

90.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of

11

1964, as amended, 42 U.S.C. § 2000e, et seq.

91.     During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about sexual harassment or sex-based discrimination.

92.     As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

93.     In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of sexual harassment or sex-based discrimination.

94.     Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

95.     Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

96.     By virtue of the foregoing, Defendant retaliated against Plaintiff based on reporting the sexual harassment or sex-based discrimination, thereby violating the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

97.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

98.     As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT VIII**
**Violation of the Pregnant Workers Fairness Act**
**(Failure to Accommodate)**

12

99. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

100. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability in violation of the Pregnant Workers Fairness Act of 2023, as amended, 42 U.S.C. §2000gg et seq.

101. Plaintiff is a qualified employee as defined by 42 U.S.C. 2000gg et seq.

102. Defendant was aware of the pregnancy and the need for accommodations.

103. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

104. Plaintiff's reasonable accommodations that was requested was not an undue burden on Defendant.

105. Defendant did not accommodate Plaintiff's pregnancy.

106. Plaintiff is a member of a protected class under Title VII, due to Plaintiff's sex (female) and pregnancy.

107. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

108. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT IX**
**Violation of the Pregnant Workers Fairness Act**
**(Retaliation)**

109. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

110. Plaintiff is a member of a protected class under Title VII.

111. During Plaintiff's employment with Defendant, Plaintiff requested reasonable

accommodations related to her pregnancy.

112. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Pregnant Workers Fairness Act of 2023, as amended, 42 U.S.C. §2000gg et seq.

113. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's request for accommodation, thereby violating the Pregnant Workers Fairness Act of 2023, as amended, 42 U.S.C. §2000gg et seq.

114. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

115. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

a. Back pay with interest;

b. Payment of interest on all back pay recoverable;

c. Front pay;

d. Loss of benefits;

e. Compensatory and punitive damages;

f. Reasonable attorneys' fees and costs;

14

g.      Award pre-judgment interest if applicable; and

h.      Award Plaintiff any and all other such relief as the Court deems just and

proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 29th of December 2025.

Respectfully submitted,

*/s/ Travis P. Lampert*
Travis P. Lampert, Esq.
Bar No. 99843
**Sulaiman Law Group Ltd.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 581-5456
Fax (630) 575 - 8188
tlampert@sulaimanlaw.com
*Attorney for Plaintiff*